UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCISCO ARCIBAL, | Case No. 2:23-cv-00097-ART-NJK |
| Petitioner, | ORDER |
| v. | |
| WARDEN BEAN, | |
| Respondents. | |

Petitioner Francisco Arcibal, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration of Arcibal's Motions for Appointment of Counsel (ECF Nos. 3, 15), Motion for Hearing (ECF No. 13), and Motion for Status Check (ECF No. 17).

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Arcibal challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Arcibal*,

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

Case No. C-22-362029-1.² On September 20, 2022, the state court entered an judgment of conviction for 2 counts of battery with use of a deadly weapon resulting in substantial bodily harm and child abuse. The state court sentenced Arcibal to an aggregate term of 13 years and 7 months to 34 years. Arcibal did not file a timely direct appeal.

Although Arcibal indicates that he filed a state petition for writ of habeas corpus, the Court is unable to locate court records demonstrating that he filed a state petition. In January 2023, Arcibal filed his federal petition for writ of habeas corpus. (ECF No. 1-1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 4, 16.)

Turning to Arcibal's motions for appointment of counsel (ECF Nos. 3, 15) to assist him in this habeas action, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Arcibal is serving a lengthy aggregate sentence term of 13 to 34 years.

---

² The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

His petition may raise relatively complex issues and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Arcibal's motion for appointment of counsel is granted.

**IT THEREFORE IS ORDERED:**

1. Petitioner Francisco Arcibal's Motions for Appointment of Counsel (ECF Nos. 3, 15) are granted.

2. Petitioner's Motion for Hearing (ECF No. 13) and Motion for Status Check (ECF No. 17) are denied as moot.

3. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any

claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of the Court will file Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1).

6. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 29th day of June 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE