UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANCISCO ARCIBAL,

          Petitioner,

  v.

WARDEN BEAN,

          Respondent.

Case No. 2:23-cv-00097-ART-NJK

ORDER

      This habeas matter is before the Court on Petitioner Francisco Arcibal's Motion to Stay and Abey (ECF No. 24). Respondents filed a non-opposition (ECF No. 25).

      Arcibal challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. In September 2023, Arcibal filed a post-conviction state habeas petition that was denied in November 2023. Arcibal represents that he anticipates appealing the denial of his state habeas petition. In January 2023, Arcibal filed his federal habeas petition to preserve his claims. ECF No. 1. The Court appointed counsel and entered a scheduling order allowing Arcibal to file an amended petition. ECF No. 18. Rather than file an amended petition, Arcibal filed a motion for stay and abeyance. ECF No. 24.

      A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court;

1

1  (2) the unexhausted claims are potentially meritorious; and (3) there is no
2  indication that the petitioner intentionally engaged in dilatory litigation tactics."
3  *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*,
4  544 U.S. at 278). The Ninth Circuit has acknowledged that the *Rhines* "good
5  cause" standard does not require "extraordinary circumstances." *Wooten*, 540
6  F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)).

   The Court will grant Arcibal's motion for stay and abeyance. *See Pace v. DiGueglielmo*, 544 U.S. 408, 416 (2005) (recognizing that a prisoner seeking state post-conviction relief might preserve the timeliness of his federal petition by filing a 'protective' federal petition and asking the federal court to stay proceedings). The Court also has the inherent power to control its own docket and dispose of cases with economy of time and effort for both the court and the parties. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

   IT IS THEREFORE ORDERED that Petitioner Francisco Arcibal's Motion to Stay and Abey (ECF No. 24) is GRANTED.

   It is further ordered that this action is STAYED pending exhaustion of Arcibal's unexhausted claims.

   It is further ordered that the grant of a stay is conditioned upon Petitioner filing, if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court within forty-five (45) days of entry of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.[1]

   It is further ordered that the Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action until such time as the Court grants a

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).

motion to reopen the matter.

It is further ordered that the Court will reset the briefing schedule upon reopening the case and lifting the stay.

Dated this 5th day of March 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3