UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCISCO ARCIBAL,<br><br>　　　　　　　　　Petitioner,<br>　v.<br><br>BEAN, ACTING WARDEN, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 2:23-cv-00097-ART-NJK<br><br>ORDER |

This counseled habeas matter is before the Court on Petitioner Francisco Arcibal's Motion for Reconsideration of the Court's December 6, 2024, Order Reopening the Case ("Motion" (ECF No. 30)). On December 6, 2024, this Court granted Arcibal's motion to reopen this matter and reset the briefing schedule (ECF No. 27) but inadvertently directed Petitioner "to file an amended petition updating the procedural history and statements of exhaustion without supplementing or otherwise altering the claims stated in the Petition," even though Petitioner has not yet filed an amended petition and did not represent that he need only supplement the procedural history and statements of exhaustion. (ECF No. 29.) The Court finds there is good cause to grant the Motion (ECF No. 30) and resets the briefing schedule to allow Petitioner to file an amended petition.

**IT IS THEREFORE ORDERED**:

1. Petitioner Francisco Arcibal's Motion for Reconsideration of the Court's December 6, 2024, Order Reopening the Case (ECF No. 30) is granted.
2. Petitioner has until January 10, 2025, to file an amended petition.
3. Respondents will have 60 days to answer, or otherwise respond to, the amended petition.

4. Petitioner shall have 60 days following service of the answer to file and serve a reply brief.

5. If a dispositive motion is filed, the parties shall brief the motion in accordance with LR 7-2 and 7-3.

6. All procedural defenses to the amended petition, including exhaustion, must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must: (a) do so within the single motion to dismiss and not in the answer; and (b) specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

7. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

8. Respondents must file, in chronological order, a set of state-court exhibits relevant to their response to the petition. All state-court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.,* ECF No. 10). Each exhibit must then be filed as an "attachment" to the base document for each exhibit to receive a sequenced sub-docket number

(*e.g.,* Exhibit 1 (ECF No. 10-1), Exhibit 2 (ECF No. 10-2), Exhibit 3 (ECF No. 10-3), and so forth). If the exhibits span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A). The purpose of this provision is to ensure the Court and any reviewing court may quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

9. Any physical or hard copy exhibits for this case must be forwarded to the Las Vegas Clerk's Office.

10. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED THIS 13th day of December 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE