UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANCISCO ARCIBAL,

Petitioner,

v.

WARDEN BEAN,

Respondents.

Case No. 2:23-cv-00097-ART-NJK

ORDER

This habeas matter is brought by Petitioner Francisco Arcibal and is before the Court for consideration of Arcibal's Motion for Discovery. ECF No. 37 In addition, Respondents move to dismiss Ground 1 of the first amended petition as unexhausted. ECF No. 51. Also before the Court are Respondents' Motion to Seal and Motion to Extend. ECF Nos. 48, 57. For the reasons discussed below, the Court denies Arcibal's Motion for Discovery and Respondents' Motion to Dismiss and grants Respondents' Motion to Seal and Motion to Extend.

**I.    Background**

Arcibal challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. The State charged Arcibal with twenty-eight counts of battery with use of a deadly weapon resulting in substantial bodily harm constituting domestic violence; one count of assault with a deadly weapon constituting domestic violence; one count of child abuse, neglect, or engenderment; and one count of battery constituting domestic violence. ECF No. 46-6.

On September 20, 2022, the state district court entered a judgment of conviction pursuant to a guilty plea for two counts of battery with use of a deadly weapon resulting in substantial bodily harm and child abuse. ECF No. 46-18. The state district court sentenced Arcibal to an aggregate term of 13 years and 7

months to 34 years. *Id*. Arcibal did not file a timely direct appeal.

Arcibal filed a state habeas postconviction petition that the state district court denied. ECF No. 47-26. The Nevada Court of Appeals affirmed the denial of relief. ECF No. 47-59. In January 2023, Arcibal filed his federal petition for writ of habeas corpus. ECF No. 1-1. Following the appointment of counsel, he filed his first amended petition. ECF No. 35. Respondents move to dismiss Ground 1 as unexhausted and Grounds 1 and 2 as barred by *Tollett v. Henderson*, 411 U.S. 258 (1973).[1]

**II.    Discussion**

**a. Motion to Dismiss**

**i.  Exhaustion**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)); *Castillo v.*

---

[1] In their reply to their Motion to Dismiss, Respondents withdrew their arguments to dismiss Grounds 1 and 2 under *Tollett*. ECF No. 58 at 1.

*McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

In Ground 1, Arcibal alleges that counsel rendered ineffective assistance for failure to investigate his claim that Nevada did not have jurisdiction to prosecute him because he was not living in Nevada at the time of the events underlying the crimes, challenging the voluntariness of his guilty plea based on such ineffective assistance of counsel. ECF No. 35 at 5. Respondents assert that Ground 1 is unexhausted because Arcibal presents a new legal theory and allegations in his federal petition that he did not present to the state court, such as the allegation that he did not plead guilty voluntarily. Although Arcibal asserts that he fairly presented this claim to the state court by alleging that counsel failed to investigate whether Nevada lacked jurisdiction to prosecute him, he acknowledges that "the legal argument is framed differently in federal court than it is in state court," as his state habeas petition does not mention that counsel's deficient performance rendered the plea involuntary. ECF No. 52 at 5. In addition, the Nevada Court of Appeals found that "Arcibal does not allege his plea was not entered knowingly, intelligently, or voluntarily, nor does he allege that counsel's alleged lack of investigation impacted his decision to plead guilty." ECF No. 47-59.

The Court determines that Ground 1 is unexhausted because Arcibal did not fairly present this claim to the highest state court. Arcibal, however, contends that Ground 1 should be considered technically exhausted, but procedurally defaulted and that he can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default. As discussed more fully below, the Court will defer a determination on whether Arcibal can demonstrate cause and prejudice until the time of merits determination.

In addition, in support of Ground 1, Arcibal attaches a declaration dated April 28, 2025. ECF No. 36-1. Respondents argue that the Court should not

consider the declaration because the factual arguments in the declaration were never properly developed in state court in accordance with the Supreme Court's decision in *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022). S*ee Cullen v. Pinholster*, 563 U.S. 170, 183–84 (2011).

The Ninth Circuit Court of Appeals has acknowledged *Shinn*'s holding restricts a federal habeas court's authority to consider for *Martinez* purposes, evidence that is not contained in the state-court record. *See McLaughlin*, 95 F.4th at 1246, 1249 (stating that 2254(e)(2), as construed in *Shinn*, overruled Ninth Circuit authority under which the Circuit previously remanded for an evidentiary hearing and consideration of new evidence on the merits of a procedurally defaulted IAC claim). *See also Creech v. Richardson*, 59 F.4th 372, 387-88 (9th Cir. 2023) (recognizing *Shinn* restricts "the circumstances in which a federal habeas court deciding *Martinez* claims may consider evidence beyond that already contained in the state court record").

Arcibal must meet the requirements of § 2254(e)(2) before the Court may, in considering *Martinez* or the merits, grant an evidentiary hearing or consider his declaration. *See Shinn*, 596 U.S. at 382, 385, 389; *Williams*, 529 U.S. at 439-40; *Holland*, 542 U.S. at 653. The Court at this time does not determine whether Arcibal's declaration will ultimately be admissible under 28 U.S.C. § 2254(e) to support his claims.

### ii.  Technical Exhaustion and Anticipatory Default

A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Dickens*, 740 F.3d at 1317 ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe* v. Maass, 314 F.3d 371, 376 (9th Cir.

2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing Coleman, 501 U.S. at 754-55). However, in *Martinez*, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *See* 566 U.S. at 16-17. "Under *Martinez*, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding ... and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez*, 937 F.3d at 1241 (citing *Martinez*, 566 U.S. at 17). Nevada law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying the Martinez rule.[2] *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under *Martinez*, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective assistance of trial

---

[2] The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar pursuant to Nevada law. *Brown v. McDaniel*, 130 Nev. 565, 571–76, 331 P.3d 867, 871–75 (2014) (*en banc*). Thus, a Nevada habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Ramirez*, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ramirez*, 937 F.3d at 1241. Determination of the second prong—whether there was a reasonable probability that the result of the post-conviction proceedings would be different—"is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* (quoting *Clabourne* v. Ryan, 745 F.3d 362, 377 (9th Cir. 2014), overruled on other grounds by *McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (*en banc*)). The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. *See id.* A procedural default will not be excused if the underlying IAC claim "is insubstantial," i.e., it lacks merit or is "wholly without factual support." *Id.* (quoting *Martinez*, 566 U.S. at 14-16).

Here, it is clear that Arcibal would face multiple procedural bars if he were to return to state court with his unexhausted claims. *See, e.g.*, NRS 34.726, 34.810. Arcibal advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of counsel claim. The Court thus reads Arcibal's opposition as a concession that the only basis for cause as to any of the unexhausted ineffective assistance of counsel claims would be *Martinez*, and will consider the remaining grounds technically exhausted on that basis.

The Court defers ruling on whether the Ground 1 is procedurally defaulted given the fact-intensive nature of the claim and Arcibal's cause and prejudice arguments. The Court finds that these questions are inextricably intertwined with the merits of the claims themselves. Accordingly, the Court will defer a determination on whether Arcibal can demonstrate cause and prejudice until the time of merits determination. The motion to dismiss Ground 1 as

unexhausted is denied. Respondents may renew the procedural default argument as to the remaining grounds in their answer.

### b. Motion for Discovery

Arcibal moves for leave to conduct discovery, requesting permission to serve T-Mobile with a subpoena to obtain cell tower information or call detail records for two cell phone numbers belonging to Arcibal and the victim, Nicole Arcibal ("Nicole"). He asserts that the cell tower information would corroborate his claims that he was in another state at the time of the crimes alleged in the information.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018). However, Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." To determine whether a petitioner has established "good cause" for discovery, the court identifies the essential elements of the substantive claim and analyzes whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" entitlement to relief. *Bracy*, 520 U.S. at 908–09; *Roseberry v. Ryan*, 289 F. Supp. 3d 1029, 1034 (D. Ariz. 2018).

The Ninth Circuit has admonished courts not to permit a "fishing expedition" in habeas discovery. *Earp v. Davis*, 881 F.3d at 1144 (affirming district court's denial of further discovery where petitioner's allegations were "too attenuated and too speculative" to make a plausible showing); *Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.").

In light of § 2254(b)(1) and (d), as well as the law of procedural default, leave to conduct discovery may only be granted if this Court determines that a subject claim is either not procedurally defaulted, that any procedural default is excused, or that the state court denied the claim on the merits and the claim meets § 2254(d)(1) or (2). *See Runningeagle v. Ryan*, 686 F.3d 758, 773-74 (9th Cir. 2012). If it cannot presently make either determination, a federal habeas court will deny leave to file the lodged motion as premature. *See Shoop v. Twyford*, 596 U.S. 811, 818, 821 (2022) (confirming that a federal habeas court "must consider" each AEDPA requirement before permitting evidentiary development).

The Court denies the request for discovery without prejudice. Because the discovery requests concern the merits of this claim, it will be more appropriate, and efficient, for any such request for leave to conduct discovery to be presented in conjunction with the full briefing of the merits of the claim and whether Arcibal can demonstrate cause and prejudice. Arcibal may file a motion for leave to conduct discovery concurrently with, but separate from, his reply to Respondents' answer.

### c. Motion to Seal

Respondents seek leave to file under seal (ECF No. 48): Exhibit 26, Notice of False Information on PSI Report (ECF No. 49-1); Exhibit 30, Notice of Motion, Motions for Modification of Sentence (ECF No. 49-2) because both exhibits contain Petitioner's Presentence Investigation Report ("PSI"). Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5). Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Accordingly, Respondents' Motion is granted, and Exhibits 26 and 30 are considered properly filed under seal.

**d. Motion to Extend**

Respondents move for an extension of time to file their reply in support of their motion to dismiss. ECF No. 57. The Court finds the request is made in good faith and not solely for the purpose of delay, and therefore good cause exists to grant the motion.

**III.    Conclusion**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 51) is denied.

It is further ordered that the Court defers consideration of whether Arcibal can demonstrate cause and prejudice under *Martinez v. Ryan,* 566 U.S. 1 (2012), to overcome the procedural default of Ground 1 until the time of merits review. Respondents may reassert the procedural default arguments with respect to those claims in their answer.

It is further ordered that Petitioner's Motion for Discovery (ECF No. 37) is denied without prejudice.

It is further ordered that Respondents' Motion to Seal (ECF No. 48) is granted. Exhibits 26 and 30 are considered properly filed under seal.

It is further ordered that Respondents' Motion to Extend (ECF No. 57) is granted *nunc pro tunc.*

It is further ordered that Respondents will have until April 20, 2026, to file their answer.

It is further ordered that Arcibal has 60 days after service of the answer to file his reply.

DATED THIS 24th day of February, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

9